UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CADENCE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-725 (RDA/IDD) |
| | ) |
| THE OTAIGBE GROUP, LLC and | ) |
| ANTHONY OTAIGBE, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendants the Otaigbe Group, LLC ("Otaigbe Group") and Anthony Otaigbe ("A. Otaigbe") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 12. After no licensed attorney for Defendants appeared at the hearing on August 16, 2024, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED**.

  I.  **INTRODUCTION**

On May 1, 2024, Plaintiff filed its Complaint alleging that Defendants breached their obligations under the Loan Documents between Plaintiff and Defendant. Dkt. No. 1. In its Complaint, Plaintiff seeks (i) the principal indebtedness outstanding under the Loan Documents, (ii) all accrued but unpaid interest; (iii) all accrued and incurred but unpaid fees, costs, charges

1

and expenses incurred by Bank; (iv) interest that will accrue in the future; (v) fees, costs, charges and expenses that will accrue and be incurred by Bank in the future; (vi) any and all other amounts recoverable under the Loan Documents; (vii) and the costs of this action. Compl. at 7.

### A. Jurisdiction and Venue

For a court to render a default judgment against a party, it must have (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) be the appropriate venue for the action.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs. Compl. ¶ 4.

This Court has personal jurisdiction over the Otaigbe Group pursuant to Virginia's long-arm statute. *See id.* ¶ 2. Specifically, personal jurisdiction may be exercised over a corporation "transacting any business" in Virginia. *See* Va. Code § 8.01-328.1(A)(1). The Otaigbe Group is a provider of consulting, financial advisory, tax, and software technology services within the Commonwealth of Virginia, and it therefore transacts business in Virginia. Compl. ¶ 2. Further, the Otaigbe Group is a Virginia Corporation registered to transact business with the Virginia Secretary of State. Compl. ¶ 2. Therefore, this Court has personal jurisdiction over the Otaigbe Group.

This Court also has personal jurisdiction over A. Otaigbe because he is a natural person domiciled in this District. A. Otaigbe is a resident and citizen of the Commonwealth of Virginia and resides in Manassas, Virginia. Compl. ¶ 3.

Because Defendants are subject to personal jurisdiction here, Defendants are "deemed to reside" in this judicial district. *See* 28 U.S.C. § 1391(c)(2). Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

### B. Service of Process

The Court must be satisfied that the defaulting party has been properly served. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), individuals "may be served in a judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." On May 3, 2024, Plaintiff served A. Otaigbe, as an individual Defendant, by leaving copies of the Summons and Complaint at his dwelling or usual place of abode with his father. Pl.'s Mem. in Supp. at 7 [Dkt. No. 13]. Such service is proper because Mr. Otaigbe's father resides with him, and he is a person of suitable age and discretion. *Id*. (citing Fed. R. Civ. P. 4(e)(2)(B)).

Federal Rule of Civil Procedure 4(h)(1)(B) allows a party to serve a corporation, partnership, or association inside the U.S. "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). On May 3, 2024, Plaintiff, through a process server, served the Otaigbe Group by serving its registered agent, A. Otaigbe. Pl.'s Mem. in Supp. at 7 [Dkt. No. 13]. Therefore, Plaintiff properly served both Defendants.

### C. Grounds for Default

Plaintiff filed its Complaint on May 1, 2024. Dkt. No. 1. Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On June 13, 2024, Plaintiff filed a Request for Entry of Default with the Clerk of Court. Dkt. No. 9. The Clerk entered Default against Defendants on June 14, 2024. Dkt. No. 10. On July 29, 2024, Plaintiff filed its Motion for Default Judgment, and the Court held a hearing on the matter on August 16, 2024. Dkt. Nos. 15, 16. After no licensed attorney for Defendants appeared at the hearing on the

Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is a state banking corporation organized under the laws of the State of Mississippi with a principal place of business in Tupelo, Mississippi. Compl. ¶ 1. Defendant Otaigbe Group is a limited liability company organized under the laws of Virginia, and Defendant A. Otaigbe is a resident and citizen of the state of Virginia. *Id.* ¶¶ 2, 3. On April 3, 2023, Plaintiff made a loan of $235,000 to the Otaigbe Group. *Id.* ¶ 6. As stated in the Note executed by the Otaigbe Group and made payable to the order of the Plaintiff, the Otaigbe Group agreed to repay the Loan in consecutive monthly installments in the amount of $3,190.91 on the second day of each month, starting on May 2, 2023, until the Note's maturity on April 3, 2033. *Id.* ¶ 8. The initial interest rate on the Note was 10.50% per year, and this rate was set to adjust every calendar quarter starting July 1, 2023, to 2.75% above the prime rate in effect on the first business day of the month, as published in the Wall Street Journal. *Id.* ¶ 9.

The Loan is secured by a Security Agreement executed by the Otaigbe Group on April 3, 2023, and the Security Agreement grants Plaintiff a security interest in all of the Defendants' business assets and equipment. *Id.* ¶ 12. Plaintiff perfected its security interest in and lien on the collateral by filing UCC Financing Statements with the Virginia State Corporation Commission on April 24, 2023. *Id.* ¶ 15.

The Otaigbe Group defaulted on the Loans by failing to make payments when due. *Id.* ¶ 18. Due to an acceleration clause in the Loan Documents, all indebtedness due and owing under the Loan became immediately due and payable, and Plaintiff had the immediate right to exercise

any and all of its rights and remedies under the Loan Documents. *Id*. ¶¶ 19, 20. By letter dated April 5, 2024, Plaintiff gave Defendants written notice of the Default, demanded from Defendants immediate payment in full of all amounts and obligations due and owing under the Loan, and notified them that Plaintiff intends to enforce the provisions of the Loan Documents and that Defendants had ten (10) days from the date of service upon them within which to pay the amounts due under the Loan Documents. *Id*. ¶ 21. However, despite the Default Letter, Defendants failed to make any payments towards their obligations under the Loan Documents. *Id*. ¶ 22. In a second letter dated April 24, 2024, Plaintiff gave Defendants written notice of acceleration, accelerating all amounts due under the Loan Documents, and demanded from Defendants immediate payment in full of all amounts and obligations due and owing under Loan Documents. *Id*. ¶ 23. As of April 23, 2024, the principal indebtedness due and owing under the Note was $233,796.79. *Id*. ¶ 24.

### III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (explaining that default has the

effect of finding all factual allegations in the complaint admitted). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Liability: Counts I & II – Breach of Contract

Plaintiff seeks to recover on a breach of contract claim under the Complaint. Plaintiff's Complaint asserts two claims: the Otaigbe Group's breach of contract for failure to make Loan payments (Count I); and A. Otaigbe's breach of contract for failure to make Loan payments as guarantor to the Loan pursuant to a loan guarantee (Count II). Compl. ¶¶ 26–36.

Under Virginia law, a party claiming breach of contract must establish three elements to prevail: (1) a legally enforceable obligation, (2) a breach of that obligation, and (3) injury or

damage to the plaintiff flowing from that breach. *Eplus Technology, Inc. v. Nat'l R.R. Passenger Corp.,* 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) (citing *Filak v. George*, 594 S.E.2d 610 (Va. 2004)).

"A legally enforceable obligation, or contract, requires that there be 'acceptance of an offer . . . as well as valuable consideration.'" *Id.* at 761 (quoting *Montagna v. Holiday Inns, Inc.* 269 S.E.2d 838 (Va. 1980)). Plaintiff alleges that it provided funds to the Otaigbe Group and did so in exchange for the Otaigbe Group's agreement to repay the funds per the terms of the Note. Pl.'s Mem. in Supp. at 8 [Dkt. No. 13]. In fact, as inducement for Plaintiff to make the Loan to the Otaigbe Group, A. Otaigbe signed a Guarantee, which guaranteed repayment of the Loan. *Id*. Accordingly, both Defendants were obligated to repay Plaintiff per the terms of the Note and Guarantee. Plaintiff alleges that it successfully performed under the contract until Defendants breached the agreement by failing to make Loan payments. *Id*. Therefore, the parties' Loan Documents give rise to a legally enforceable obligation, and the first element of the breach of contract claim is satisfied.

Plaintiff also satisfies the second element. Specifically, Plaintiff alleges, and Defendants admit by not answering the Complaint, that Defendants defaulted under the Loan by failing to make payments towards the Loan obligations, even after a default letter was sent. Compl. ¶¶ 18–22. Thus, Defendants breached the contract.

Finally, Plaintiff alleges that Defendants' failure to pay caused Plaintiff to suffer damages. As of June 2024, $267,396.80 are due and owing under the Note, as principal and $73.0614968 per day in *per diem* pre-judgment accrued interest, in addition to other recoverable costs and fees under the Note. Pl.'s Mem. in Supp. at 8 [Dkt. No. 13]. Plaintiff has also incurred attorney's fees and costs, which continue to accrue and are sought as damages by the Plaintiff

from the Defendants under the terms of the Note. *Id*. Currently, the amount of attorney's fees incurred by the Plaintiff is $8,674.25. Therefore, Plaintiff has established that it was injured because of Defendants' breach of the valid and enforceable contract.

## IV.     RELIEF REQUESTED

### A. Damages

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff seeks $267,396.80 in damages, which includes the principal and accrued interest, and any other recoverable costs and fees due under the Note, including attorney's fees and costs. *See* Pl.'s Mem. in Supp. at 8 [Dkt. No. 13]. Because Plaintiff has sufficiently pled relief for Defendants' breach of contract and Loan Documents, upon review of Plaintiff's Complaint, Motion for Default Judgment, and Memorandum in Support, this Court finds that Plaintiff has provided an adequate basis for the award of actual damages in the amount of $267,396.80.

### B. Pre-Judgment Interest

Plaintiff further seeks pre-judgment interest in the amount of $73.0614968 per day until the rendition of a final judgment. Virginia law governs the award of pre-judgment interest in diversity cases. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (citation omitted). Virginia Code § 8.01-382 provides that a district court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Whether to award pre-judgment interest is within the sound discretion

of the district court. *Hitachi*, 166 F.3d at 633; *accord Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 631, 449 S.E.2d 799, 801 (1994). Here, according to the Loan Documents, *per diem* interest accrues at a rate of $73.0614968 per day. Based on the underlying record and circumstances of this case, the undersigned finds that an award of pre-judgment interest is appropriate in this case. Accordingly, the undersigned recommends an award of pre-judgment interest at the rate of $73.0614968 per day accruing each day until the rendition of a final judgment.

### C. Attorney's Fees

Finally, Plaintiff requests attorney's fees in the amount of $8,674.25. *See* Compl. at 7; Pl.'s Mem. in Supp. at 8 [Dkt. No. 13]. The Note at issue here expressly states that "the Lender may incur expenses...[which] may include…reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance." *See* Dkt. No. 13-1, Exh. A at 3. Plaintiff's attorneys, of Bradley Arant Boult Cummings LLP, billed 16.5 hours of legal services in connection with the representation of Plaintiff in this action. *See* Dkt. No. 13-9, Exh. H, Decl. of David T. Long Jr. ("Long Declaration"). Such services included telephone conferences; review and analysis of the Note and other related documents; revising, editing, and filing the Complaint in this matter; and drafting the motion for default judgment and application and affidavit in support thereof. *Id.* ¶ 10. Ms. Kimberly Malik worked 3 hours at a rate of $250 per hour; Mr. David T. Long Jr. worked 13.1 hours at a rate of $440 per hour; and Mr. T. Parker Griffin Jr. worked 2.7 hours at a rate of $465 per hour. *Id.* ¶ 11. In addition to attorney's fees, Plaintiff also incurred $1,124.75 in collecting or attempting to collect the indebtedness owing under the Note. *Id.* ¶ 12. These costs include filing fees, private process service, and research fees. *Id.* Accordingly, the total

attorney's fees and expenses incurred by Plaintiff amounts to $8,674.25. *Id.* ¶ 13. The undersigned therefore finds the requested costs and attorney's fees in the amount of $8,674.25 to be reasonable.

## V.     RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff Cadence Bank and against Defendants Otaigbe Group and A. Otaigbe as to both Counts I and II of the Complaint. The undersigned recommends that an Order be entered awarding Plaintiff monetary damages against Defendants, jointly and severally, in the amount of $267,396.80, plus attorney's fees and costs in the amount of $8,674.25. Thus, the final judgment is $276,071.05, with pre-judgment interest accruing in the amount of $73.0614968 per day until the rendition of a final judgment.

## VI.     NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　Ivan D. Davis
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

November 4, 2024
Alexandria, Virginia